## EDWARD F. CHAPIN *vs.* JOHN HALEY.

Suffolk.    March 4, 1881. — June 28, 1882.    DEVENS, W. ALLEN & C. ALLEN, JJ., absent.

At the trial, in the Superior Court, of charges of fraud, filed under the Gen. Sts. *c.* 124, § 31, the jury returned a verdict of guilty on several of the charges.   On the defendant's motion for a new trial, the judge set aside the verdict as to some of the charges, and, on the plaintiff's motion, ordered these charges to be stricken from the record.   *Held,* that the defendant had no ground of exception. *Held, also,* that it was not open to the defendant to contend in this court that the evidence admitted under the charges so stricken out might have improperly influenced the jury in rendering their verdict on the other charges, he not having asked for a ruling limiting the evidence admitted under each charge.

A charge of fraud, filed against a person upon his application to take the oath for the relief of poor debtors, alleging that the defendant "hazarded and paid the sum of," naming it, "in a certain unlawful game played with cards and called draw poker or bluff," and that the defendant "did hazard and pay the said sum," naming it, "in said gaming as aforesaid, which is prohibited by the laws of this Commonwealth," sufficiently alleges that the defendant had hazarded and paid money in some kind of gaming prohibited by the laws of the Commonwealth.

A charge of fraud, filed against a person upon his application to take the oath for the relief of poor debtors, alleged that he hazarded and paid a sum named in a certain unlawful game played with cards and called draw poker.   At the trial, the judge instructed the jury "that if they found the game of draw poker, as described by witnesses, to be a game of chance on which money was hazarded upon the kind of cards held by the respective players, or by betting upon the hands so held, and if chips redeemable in money were used by the players in place of money, then it was gaming prohibited by the laws of this Commonwealth."   *Held,* that the defendant had no ground of exception.

CHARGES OF FRAUD, filed under the Gen. Sts. *c.* 124, § 31, upon the defendant's application to take the oath for the relief of poor debtors.    The first and fifth charges, which need only now be stated, were as follows:

" First. That on or about the first day of January 1877, which was after the debt in this action was contracted, the said

Haley hazarded and paid the sum of one hundred and twenty-
five dollars in a certain unlawful game played with cards, and
called draw poker or bluff," in a certain place described, " and
that the said Haley did hazard and pay the said sum of one
hundred and twenty-five dollars, in said gaming with cards as
aforesaid, which is prohibited by the laws of this Common-
wealth."

The fifth charge differed from the first only in the amount
charged to be hazarded, and the time and place of such gaming.
The time was alleged to be " in the month of December 1876,"
and the amount was alleged to be thirty dollars.

At the hearing before the magistrate, the defendant was
found guilty on some of the charges; and he appealed to the
Superior Court.   The case was tried in that court, before *Gard-
ner*, J., who allowed a bill of exceptions, which, so far as mate-
rial to the points decided, was in substance as follows :

The defendant moved to dismiss the charges on the ground
that they did not allege that the defendant had hazarded and
paid money in some kind of gaming prohibited by the laws of
the State ; but the judge overruled the motion.

The plaintiff testified that, in the latter part of 1874, he lent
the defendant $1150, and took from him a promissory note of
that amount signed by Snow, Rollins and Company, of which
firm the defendant was a member; that the defendant at dif-
ferent times paid $575, and on July 19, 1876, gave him a new
note signed by said firm for $575, dated July 19, 1876, on four
months; that he afterwards paid him $100, which was indorsed
on said note; and that the execution on which the defendant
was arrested issued upon a judgment dated May 21, 1877, upon
said note of $575.

The plaintiff testified upon the first charge, that on or about
January 1, 1877, the defendant played draw poker with several
other persons; and that, at said time, the defendant got from
one Appleberry certain chips, and gave said Appleberry $125
therefor, seventy-five of which he took from his own pocket and
fifty of which he got at said time from one Barnard ; and that,
at said time, the defendant lost all said chips while so playing
draw poker.   Evidence was introduced tending to show that the
chips were of ivory, and were used at the play instead of money,

and were redeemable by Appleberry at the price paid for them. The plaintiff also testified, upon the fifth charge, that in December 1876, he saw the defendant playing draw poker, buying chips for thirty dollars and losing said chips.

The defendant offered no evidence, and upon the above evidence asked the judge to rule that he could not be found guilty in this action; but the judge refused so to rule.

The defendant also asked the judge to rule that, so far as concerned this action, the debt was contracted on July 19, 1876; but the judge refused so to rule. The defendant asked the judge to rule that he could not be found guilty on these charges and evidence, inasmuch as the charges alleged that the debt was contracted and the cause of action accrued for money lent by the plaintiff to the defendant in December 1874, and the evidence was of a debt contracted July 19, 1876, and a cause of action accrued at the maturity of said note. The judge refused so to rule. The jury were instructed that if they found the game of draw poker, as described by witnesses, to be a game of chance on which money was hazarded upon the kind of cards held by the respective players, or by betting upon the hands so held, and if chips redeemable in money were used by the players in place of money, then it was gaming prohibited by the laws of this Commonwealth; and if they found that since the debt was contracted, or the cause of action accrued, the defendant had hazarded and paid money to the amount of $100 or more in such gaming, then they might find the defendant guilty; and also instructed them that the cause of action accrued when the note on which judgment was recovered matured, at the end of three days of grace following four months from its date; but that the debt was contracted when the $1150 was borrowed by the defendant of the plaintiff; with other instructions as to the burden of proof, and the application of the evidence to the charges not stricken out, which were not excepted to.

The jury returned a verdict of guilty on the first, second, fourth, fifth and sixth charges, and, by direction of the judge, not guilty on the eighth count. Upon motion for a new trial, the judge set aside the verdict finding the defendant guilty on the second, fourth and sixth charges, because of the plaintiff's participation with the defendant in the games set out in those

charges, and overruled the motion as to the first and fifth charges.

On motion of the plaintiff, the second, fourth, and sixth charges were subsequently stricken from the record. The defendant alleged exceptions.

*H. N. Shepard*, for the defendant.

*A. Russ*, for the plaintiff.

FIELD, J. The exceptions of the defendant to the order of the Superior Court striking from the record the second, fourth and sixth charges cannot be sustained. The granting of such an order was within the discretion of that court, and is not subject to exception.

The defendant complains, in his argument here, that the evidence admitted under these charges may have improperly influenced the jury in rendering their verdict on the other charges. But it was the right of the defendant to ask the justice presiding at the trial to rule distinctly upon the admissibility of evidence under each charge, and to take exception if any erroneous ruling was made. Having neglected to do this, there is no exception before this court, except the general exception to the granting of the order.

The jury returned a verdict of guilty on the first, second, fourth, fifth and sixth charges; but as the second, fourth and sixth charges have been stricken from the record, there remains only a verdict of guilty on the first and fifth charges.

The defendant moved to dismiss these and other charges, for the alleged reason that they did not aver that the defendant had hazarded and paid money in some kind of gaming prohibited by the laws of the Commonwealth. The first charge alleges that the defendant "hazarded and paid the sum of one hundred and twenty-five dollars in a certain unlawful game played with cards, and called draw poker or bluff," "and that the said Haley did hazard and pay the said sum of one hundred and twenty-five dollars in said gaming as aforesaid, which is prohibited by the laws of this Commonwealth." The fifth charge alleges, in the same manner, the hazarding and paying the sum of thirty dollars. The reason given for dismissing these charges is not supported by an examination of the charges themselves, and the motion was rightly overruled.

The refusal of the presiding justice to rule that the debt was contracted on July 19, 1876, as requested by the defendant, and the ruling that the debt was contracted when the $1150 was borrowed, have become immaterial, since either date is before the gaming proved under the first and fifth charges.

The defendant asked the presiding justice to rule that, on the evidence recited in the exceptions, the defendant could not be found guilty; which request was refused. It is contended that this ruling was erroneous, because the games described by the plaintiff's witnesses are not gaming prohibited by the laws of the Commonwealth. No error appears in the instructions to the jury upon what constitutes gaming prohibited by the laws of the Commonwealth, and the evidence was sufficient to warrant the jury in finding a verdict of guilty on the first and fifth charges. Gen. Sts. c. 85. *Babcock* v. *Thompson*, 3 Pick. 446. *White* v. *Buss*, 3 Cush. 448. *Commonwealth* v. *Taylor*, 14 Gray, 26. *Commonwealth* v. *Gourdier*, 14 Gray, 390.

*Exceptions overruled.*